FILED
2020 NOV 20 PM 3:19
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **BRYAN A.,**<br><br>　　　　**Plaintiff,**<br><br>v.<br><br>**ANDREW M. SAUL,**<br>**Commissioner of Social Security,**<br><br>　　　　**Defendant.** | **MEMORANDUM DECISION**<br>**AND ORDER**<br><br><br>**Case No. 4:19-cv-00104-PK**<br><br><br>**Magistrate Judge Paul Kohler** |

All parties consented to Magistrate Judge Paul Kohler conducting all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1] 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the court is Bryan A.'s ("Plaintiff") appeal of Defendant Andrew M. Saul's ("Commissioner") final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. 42 U.S.C. §§ 401-434. The court held oral argument on October 19, 2020. Plaintiff was represented by Natalie L. Bolli-Jones, and the Commissioner was represented by Kathryn C. Bostwick. The court has carefully considered the written briefs, the complete record, and the arguments of counsel. Based upon the analysis set forth below, the Commissioner's decision will be affirmed.

---

[1] ECF No. 13.

## PROCEDURAL BACKGROUND

Plaintiff alleges disability due to various physical and mental impairments. On November 12, 2015, Plaintiff applied for DIB, alleging disability beginning on November 14, 2014.[2] Plaintiff's application was denied initially and upon reconsideration.[3] On January 3, 2017, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"),[4] which occurred on August 16, 2018.[5] On November 21, 2018, the ALJ issued a written decision denying Plaintiff's claim for DIB.[6] On November 12, 2019, the Appeals Council denied Plaintiff's request for review,[7] making the ALJ's decision final for purposes of judicial review. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981. On December 20, 2019, Plaintiff filed his complaint in this case seeking review of the Commissioner's final decision.[8]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). The Commissioner's findings, "if supported by substantial evidence, shall be

---

[2] ECF No. 8, Administrative Record ("AR ___") 201-02.

[3] AR 71, 88.

[4] AR 99-100.

[5] AR 32-56.

[6] AR 12-30.

[7] AR 1-6.

[8] ECF No. 3.

conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The [f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted) (first alteration in original).

      The aforementioned standards of review apply to the ALJ's five-step evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. 20 C.F.R. § 404.1520(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.
>
> . . . .
>
> Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to

3

>     preclude substantial gainful activity . . . .  If the impairment is
>     listed and thus conclusively presumed to be disabling, the claimant
>     is entitled to benefits.  If not, the evaluation proceeds to the fourth
>     step . . . .

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see also* 20 C.F.R. § 404.1520(a)(4)(i)-(iii).

At the fourth step, the claimant must show, given his residual functional capacity ("RFC"), that the impairment prevents performance of his "past relevant work." 20 C.F.R. § 404.1520(a)(4)(iv). "If the claimant is able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751. If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id.*

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id.* At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the [RFC] to perform other work in the national economy in view of his age, education, and work experience." *Id.* (quotations and citation omitted); *see also* 20 C.F.R. § 404.1520(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," he is not disabled. 20 C.F.R. § 404.1520(a)(4)(v). If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," he is disabled and entitled to benefits. *Id.*

## ANALYSIS

In support of his claim that the Commissioner's decision should be reversed, Plaintiff argues that the ALJ erred (1) at step two by failing to determine that Plaintiff's mental impairments were severe and (2) by determining that Plaintiff can perform a full range of medium work. The court will address each argument in turn.

I.  **The ALJ Did Not Err at Step Two by Failing to Determine That Plaintiff's Mental Impairments Were Severe.**

The ALJ considered Plaintiff's mental impairments at step two and determined that were non-severe.[9] Plaintiff contends that the ALJ erred in making that determination. The court disagrees.

Plaintiff first argues that the ALJ failed to take into consideration certain evidence and "misrepresent[ed] the record in her findings at step [two]."[10] In support of that argument, Plaintiff points to selective portions of the record that, according to Plaintiff, show that his "mental impairments were not well controlled and were often characterized as unstable by his treating sources."[11] In response, the Commissioner points to portions of the record that support the ALJ's determination at step two that Plaintiff's mental impairments were non-severe.[12] When faced with such a scenario, the court must conclude that Plaintiff's argument fails because it amounts to rearguing the weight of the evidence, which is unavailing on appeal. It is not this court's role to reweigh the evidence before the ALJ. *Madrid*, 447 F.3d at 790. From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in the record to support the ALJ's conclusions. *Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (emphasis omitted)); *see also Lax*, 489 F.3d at 1084 ("The possibility of

---

[9] AR 18-20.

[10] ECF 16 at 8.

[11] *Id*.

[12] ECF No. 20 at 7-8.

drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." (quotations and citations omitted) (alteration in original)).

Plaintiff next argues that the ALJ erred at step two when she assigned "little weight" to the opinions of one of Plaintiff's treating sources, Dr. Wayne Moss, M.D. ("Dr. Moss").[13] That argument also fails.

An ALJ must adhere to certain requirements when considering treating source medical opinions. *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004); *see also* 20 C.F.R. § 404.1527(c). Among those requirements is that the ALJ first must follow a process to determine if a treating source medical opinion is entitled to controlling weight. *Langley*, 373 F.3d at 1119; *see also* 20 C.F.R. § 404.1527(c). If the opinion is not entitled to controlling weight under that process, the opinion is still entitled to deference and must be weighed using the factors set forth in 20 C.F.R. § 404.1527(c). *Langley*, 373 F.3d at 1119.

In assessing Dr. Moss's opinions, the ALJ properly considered the fact that they were not consistent with Dr. Moss's own medical records.[14] 20 C.F.R. § 404.1527(c)(4). Plaintiff contends the ALJ erred in reaching that conclusion because Dr. Moss's treatment records

---

[13] AR 20.

[14] AR 20.

6

"consistently" show severe mental impairments.[15] However, the Commissioner cites to portions of the record showing that Dr. Moss's own treatment records note generally normal and unremarkable mental status examinations.[16] In the court's view, plaintiff's argument again attempts to reargue the weight of the evidence before the ALJ, which is futile on appeal. *Oldham*, 509 F.3d at 1257; *Lax*, 489 F.3d at 1084; *Madrid*, 447 F.3d at 790.

The ALJ also properly relied upon the fact that Dr. Moss's opinions were not consistent with the record as a whole.[17] 20 C.F.R. § 404.1527(c)(4). Importantly, Plaintiff does not specifically challenge the ALJ's reliance upon that factor.

Finally, the ALJ properly relied upon the fact that Dr. Moss's opinions were not consistent with Plaintiff's own testimony concerning his daily functioning.[18] 20 C.F.R. § 404.1527(c)(4). Plaintiff contends that the ALJ's conclusion on this point is "simply not true."[19] To support that argument, Plaintiff points to portions of his testimony, which is another attempt to reargue the weight of the evidence before the ALJ. *Oldham*, 509 F.3d at 1257; *Lax*, 489 F.3d at 1084; *Madrid*, 447 F.3d at 790.

---

[15] ECF No. 16 at 10.

[16] ECF No. 20 at 9-10.

[17] AR 20.

[18] *Id*.

[19] ECF No. 16 at 10.

## II. The ALJ Did Not Err by Determining That Plaintiff Can Perform a Full Range of Medium Work.

Plaintiff contends that the ALJ erred by determining that Plaintiff can perform a full range of medium work. Specifically, Plaintiff contends that his knee and kidney issues prevent him from performing such work.

Plaintiff first contends that certain portions of the record and his own testimony establish that he cannot perform a full range of medium work. The court rejects this argument as an attempt to reargue the weight of the evidence on appeal. *Oldham*, 509 F.3d at 1257; *Lax*, 489 F.3d at 1084; *Madrid*, 447 F.3d at 790. Furthermore, to the extent Plaintiff relies upon his own testimony to demonstrate the severity of his knee and kidney issues, the court notes that the ALJ found Plaintiff's testimony to be not completely credible.[20] Importantly, Plaintiff has not challenged that finding.

Plaintiff next asserts that the ALJ erred in assigning "little weight" to the opinions of one of Plaintiff's treating physicians, Dr. Victor Worth, D.O. ("Dr. Worth"). In considering Dr. Worth's opinions, the ALJ properly considered the fact that they were not consistent with Dr. Worth's own physical examination of Plaintiff.[21] 20 C.F.R. § 404.1527(c)(4). The ALJ also properly relied upon the fact that Dr. Worth's opinions were not consistent with the record as a whole.[22] 20 C.F.R. § 404.1527(c)(4). Importantly, Plaintiff does not specifically challenge the ALJ's reliance upon those factors.

---

[20] AR 23-24.

[21] AR 23.

[22] *Id*.

Instead, Plaintiff challenges only the ALJ's reliance upon the fact that Dr. Worth's opinions were not consistent with Plaintiff's own testimony concerning his daily functioning.[23] 20 C.F.R. § 404.1527(c)(4).  Plaintiff points to selective portions of his testimony, which, again, is an unavailing effort to reargue the weight of the evidence on appeal.  *Oldham*, 509 F.3d at 1257; *Lax*, 489 F.3d at 1084; *Madrid*, 447 F.3d at 790.

## **CONCLUSION AND ORDER**

The court concludes that all of Plaintiff's arguments fail.  Accordingly, IT IS HEREBY ORDERED that the Commissioner's decision in this case is AFFIRMED.

IT IS SO ORDERED.

DATED:  20 November 2020.

BY THE COURT:

_____
PAUL KOHLER
United States Magistrate Judge

---

[23] *Id.*